Carolee E. NORMAN, Respondent,

v.

**HOUSING AND REDEVELOPMENT AUTHORITY OF CHISHOLM, Appellant.**

**No. A03–1613.**

Court of Appeals of Minnesota.

May 25, 2004.

Bryan N. Anderson, Bryan N. Anderson, J.D., P.C., Duluth, MN, for appellant.

Thomas F. Andrew, Aaron R. Bransky, Brown, Andrew & Signorelli, P.A., Duluth, MN, for respondent.

Considered and decided by HARTEN, Presiding Judge, HALBROOKS, Judge, and MINGE, Judge.

## OPINION

HARTEN, Judge.

Respondent, a retired public employee, obtained a summary judgment requiring appellant, a public employer, to continue paying respondent's insurance premiums. Appellant challenges the summary judgment. We affirm.

## FACTS

Respondent Carolee Norman worked for appellant Housing and Redevelopment Authority of Chisholm. She was a member of Minnesota Council 65–AFSCME Chapter of Local # 536 (the union). The union and appellant negotiated a collective bargaining agreement (CBA) that became effective in January 1993. It provided:

> All employees who have reached an age acceptable to Federal Social Security or the private pension plan in effect at the time the employee qualifies for annuity under said plan or plans, and who have at least ten (10) years of service for the Employer, and who retire, shall continue to be covered under the life insurance plan or plans and the existing hospital medical, surgical, drug and dental programs covering employees of [appellant] or supplemental insurance plan for those retirees who are or will be eligible for Medicare. [Appellant] shall pay all insurance premiums in full, to include single coverage and disability retirement.

The CBA was in effect when respondent retired in February 1995. Upon retirement, respondent qualified for an annuity (pension) sponsored by appellant. In September 1995, the union was decertified and the CBA expired.

Appellant continued to pay respondent's insurance premiums through 30 November 2002, but notified her that payments would stop as of 1 December 2002. Respondent brought this promissory estoppel action to reinstate the payment of her premiums. The parties stipulated to facts and filed cross-motions for summary judgment. The district court granted summary judgment for respondent, and appellant now challenges that judgment.

## ISSUE

Does the requirement under Minn.Stat. § 471.61, subd. 2b (2002), that a public employer pay insurance premiums for a retired public employee if the collective bargaining agreement in effect when the employee retired provided that the employer would pay premiums indefinitely, prevail over the restriction in Minn.Stat. § 179A.20, subd. 2a (2002), on the duration of collective bargaining agreement provisions?

## ANALYSIS

On appeal from summary judgment, appellate courts ask (1) whether any genuine issues of material fact exist and (2) whether the district court erred in its application of the law. *State by Cooper v. French*, 460 N.W.2d 2, 4 (Minn.1990).

■ Respondent brought a promissory estoppel action on the ground that appellant, through the CBA in effect when respondent retired, had promised to pay her insurance premiums indefinitely. A claim for promissory estoppel has three elements: (1) the promise must have made a clear and definite promise; (2) the promise must have intended to induce the promisee to rely on the promise and the promisee must have actually relied on it; and (3) the

enforcement of the promise must be necessary to prevent injustice. *Olson v. Synergistic Techs. Bus. Sys., Inc.*, 628 N.W.2d 142, 152 (Minn.2001). Here, the district court found that the elements of promissory estoppel were met: (1) the CBA contained a clear and definite promise to pay respondent's insurance premiums during her retirement; (2) appellant intended to induce respondent's reliance on that promise and respondent did rely on the promise when she retired; and (3) the promise must be enforced to prevent injustice. *See Christensen v. Minneapolis Mun. Employees Ret. Bd.*, 331 N.W.2d 740, 748–49 (Minn.1983) (promissory estoppel may be invoked to enforce a public employer's promise of pension benefits prescribed by statute).

■ But, if the promisee's reliance is unreasonable, the injustice element is not met. *Faimon v. Winona State Univ.*, 540 N.W.2d 879, 883 (Minn.App.1995), *review denied* (Minn. 9 Feb. 1996). Appellant argues that respondent's reliance was unreasonable because of Minn.Stat. § 179A.20, subd. 2a (2002).[1] The application of statutes to the undisputed facts of a case is a question of law that we review de novo. *O'Malley v. Ulland Bros.*, 549 N.W.2d 889, 892 (Minn.1996).

Minn.Stat. § 179A.20, subd. 2a, provides:

A contract may not obligate an employer to fund all or part of the cost of health care benefits for a former employee beyond the duration of the contract, subject to § 179A.20, subdivision 6. A personnel policy may not obligate an employer to fund all or part of health care benefits for a former employee beyond the duration of that policy. A

---

1. Minn.Stat. § 179A.20, subd. 2a (2002) and Minn.Stat. § 471.61, subd. 2b(k) (2002) are identical to the statutes in effect when the

CBA was negotiated and when respondent retired. *See* Minn.Stat. §§ 179A.20, subd. 2a, 471.61, subd. 2b (1992).

policy may not extend beyond the termination of the contract of longest duration covering other employees of the employer or, if none, the termination of the budgetary cycle during which the policy is adopted.

Appellant construes this statute to abrogate the CBA promise of indefinite payment of insurance premiums. But that construction ignores a limitation that the legislature clearly and unequivocally imposed on the statute: *"Notwithstanding section 179A.20, subdivision 2a,* insurance continuation under [Minn.Stat. § 471.61. subd. 2b (2002)] may be provided for in a collective bargaining agreement or personnel policy." Minn.Stat. § 471.61, subd. 2b(k) (2002) (emphasis added).

■ Our objective in construing statutes must be "to ascertain and effectuate the intention of the legislature. Every law shall be construed, if possible, to give effect to all its provisions." Minn.Stat. § 645.16 (2002). Under Minn.Stat. § 471.61, subd. 2b, public employers must allow former employees who qualify for an annuity "to continue to participate indefinitely in the employer-sponsored hospital, medical, and dental insurance group that the employee participated in immediately before retirement." Former employees pay the premiums for continuing coverage "except as otherwise provided in a collective bargaining agreement or personnel policy." Minn.Stat. § 471.61, subd. 2b(e). By enacting Minn.Stat. § 471.61, subd. 2b(k) ("Notwithstanding section 179A.20, subdivision 2a, ..."), the legislature acknowledged and resolved the conflict between the Minn.Stat. § 179A.20, subd. 2a, (restricting the duration of CBA provisions) and Minn.Stat. § 471.61. subd. 2b, (requiring that a public employer pay insurance premiums for a retired public employee if the CBA in effect when the employee retired provided that the employer would pay premiums indefinitely). We cannot ignore that clear legislative resolution of the conflict.

■ The provisions of Minn.Stat. § 471.61, subd. 2b, apply here: respondent qualified for an annuity sponsored by appellant and was therefore allowed to participate indefinitely in the insurance plan effective when she retired; she did not have to pay the premiums because her CBA provided that appellant would pay insurance premiums for retired employees indefinitely. Therefore, Minn.Stat. § 179A.20, subd. 2a, does not preclude the providing of continuing insurance. We conclude that respondent's reliance on appellant's promise in the CBA to continue paying her premiums was not unreasonable as a matter of law, and appellant is estopped from denying payment of her premiums. *See Law Enforcement Labor Servs., Inc. v. County of Mower,* 483 N.W.2d 696, 701 (Minn.1992) (citing *Christensen* and holding that retired police officers reasonably relied on CBA provisions in effect on the date of their retirement).

Appellant attempts to distinguish *Mower County,* arguing that, unlike respondent, the police officers in that case retired before Minn.Stat. § 179A.20, subd. 2a, was in effect. But that is a distinction without a difference: the *Mower County* court explicitly based its analysis of the CBA on "principles that sound in contract" rather than on statutory law. *Mower County,* 483 N.W.2d at 701.

### DECISION

Because Minn.Stat. § 179A.20, subd. 2a (2002), is limited by Minn.Stat. § 471.61, subd. 2b (2002), and Minn.Stat. § 471.61, subd. 2b, applies to respondent, respondent reasonably relied on the CBA provision that appellant would pay her insurance premiums indefinitely and promissory

estoppel requires enforcement of that provision.

**Affirmed.**